IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00398-WYD-MJW

THURMAN HARRISON, JR.,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HEALTH SCIENCE CENTER;
PEER I THERAPEUTIC COMMUNITY;
PAUL THOMPSON;
BARBARA SANCHEZ;
TRUDY, staff member Peer I;
RICK, staff member Peer I; and
JOHN and/or JANE DOES, staff members,

    Defendants.

**ORDER ACCEPTING AND AFFIRMING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on Defendants' Motion to Dismiss Under F.R.C.P. [sic] 12(b)(6) and 12(b)(1) (docket #30). A general Order of Reference assigning the case to Magistrate Judge Watanabe was issued July 18, 2008. Magistrate Judge Watanabe issued a Recommendation on November 25, 2008, which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Watanabe recommended therein that Defendants' Motion to Dismiss be granted and that Plaintiff's case be dismissed in its entirety.

More specifically, Magistrate Judge Watanabe found that the Plaintiff's official

-1-

capacity claims against University employees of Peer I are bared by the Eleventh Amendment. Recommendation at 8 (citing *Smith v. Plati*, 258 F.3d 1167, 1171 n.1 (10th Cir. 2001), see also *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994)). Magistrate Judge Watanabe also found that Plaintiff's first claim for relief should be dismissed because HIPAA's privacy regulations do not provide a private cause of action. Recommendation at 9 (citing *University of Colo. Hosp. Auth. v. Denver Pub. Co.*, 340 F. Supp.2d 1142 (D. Colo. 2004)).

As to Plaintiff's due process claim, Magistrate Judge Watanabe found that the due process claim contained in claim two should be dismissed because the U.S. "Constitution does not create a property or liberty interest in prison employment," nor do the law of the State of Colorado. Recommendation at 9 (citing *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986); *Grady v. Edmonds*, 2007 WL 2986167, *8 (D.Colo. June 11, 2007)). Magistrate Judge Watanabe further recommended a sua sponte dismissal of Plaintiff's third clam for relief in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Recommendation at 11. Magistrate Judge Watanabe, reading Plaintiff's third claim liberally, found that he may be attempting to raise an Eighth Amendment claim. Id. Magistrate Judge Watanabe found that Plaintiff did not state an Eighth Amendment claim for relief as "Plaintiff allegedly encountered only verbal abuse and merely had a fear of possible physical harm because other participants in the program were upset at discipline being imposed." Id. (citing *Jenner v. McDaniel*, 123 Fed. Appx. 900 (10th Cir. Feb. 17, 2005)(Inmate in a therapeutic community program which purportedly required inmates to inform on other inmates for behavior outside the program guidelines who

alleged he was labeled a "rat" and a "snitch" and thus was the target of physical confrontation failed to state an Eighth Amendment claim.)).

As to Plaintiff's state law claims, Magistrate Judge Watanabe found that the court should not exercise its supplemental jurisdiction in the absence of a viable federal claim. Recommendation at 12. He also found that there is no compelling reason to exercise supplemental jurisdiction as discovery has not been conducted in this case and no scheduling order has been entered.

On December 15, 2008, Plaintiff filed a timely Objection entitled "Plaintiff's Objections to the United States Magistrate Judge's Recommendation on Motion to Dismiss Under F.R.C.P. [sic] 12(b)(6) and 12(b)(1)." Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's recommendation asserting that although he agrees that the University of Colorado enjoys Eleventh Amendment immunity, Defendants may still be sued in their individual capacities for monetary damages. Plaintiff's objection is overturned. Whether Defendants may be sued in their individual capacities is not at issue in this case. Plaintiff has only sued the Defendants in their official capacity and as such it is appropriate for his claims against them in their official capacity be dismissed.

Plaintiff argues that Magistrate Judge Watanabe improperly recommended the dismissal of Plaintiff's first claim for relief. Plaintiff asserts that he does not rely upon

HIPAA as the basis for asserting his first claim for relief, rather he relies upon the mental health rules and regulations, specifically the Mental Health Act. Whether Plaintiff is relying upon HIPPA or the Mental Health Act, Plaintiff has failed to properly plead any such regulation that provides for a private cause of action. As such, I agree with Magistrate Judge Watanabe that this claim should be dismissed.

Plaintiff argues that Magistrate Judge Watanabe improperly characterized his employment with Peer I as a "prison job." Plaintiff asserts that he worked for a private company that was not contracted by the Colorado Department of Corrections and therefore he did identify a viable property interest sufficient to maintain his due process claim. The Constitution does not create a property or liberty interest in prison employment. *Ingram v. Papalia*, 804 F.2d 595 , 597. Any such interest must be created by state law by "language of an unmistakably mandatory character." *Id.* I find even if Plaintiff's employment was not a "prison job," Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job. *Id.* (citing Colo. Rev. Stat. § 17-24-102 and § 17-24-102(1)). As such, Plaintiff has no entitlement to protection under the due process clause. *Id.*

Plaintiff asserts that courts have found a violation of the Eighth Amendment where prison officials were responsible for unnecessary and wanton infliction of emotional harm. I note that Plaintiff does not cite to any case law to support his position. Plaintiff asserts that he has meet this requirement by showing that the way that the defendants handled this situation was not a necessary part of prison discipline

in a therapeutic community setting. Because Plaintiff's allegations are completely analogous with *Jenner v. McDaniel,* 123 Fed. Appx. 900 (10th Cir. Feb. 17, 2005), wherein the court found that an inmate in a therapeutic community program which purportedly required inmates to inform on other inmates for behavior outside the program guidelines who alleged he was labeled a "rat" and a "snitch" and thus was the target of physical confrontation failed to state an Eighth Amendment claim, I find that dismissal of third claim for relief is appropriate.

Finally, I agree with Magistrate Judge Watanabe that the court should not exercise supplemental jurisdiction in the absence of a viable federal claim. I agree that because no discovery has been conducted in this case and no scheduling order has been entered, any state law claims contained in the Second Amended Complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). Accordingly, the Recommendation is affirmed and adopted.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket # 43) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss under F.R.C.P 12(b)(6) and 12(b)(1)(docket # 30) is **GRANTED**. It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**.

Dated: January 14, 2009

                BY THE COURT:


                <u>s/ Wiley Y. Daniel</u>
                Wiley Y. Daniel
                Chief U. S. District Judge